USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERLA BURSZTEIN,

        Plaintiff,

-against-

BEST BUY STORES, L.P. and BEST BUY CO., INC.,

        Defendants.

20 Civ. 76 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    On October 14, 2019, Defendants, Best Buy Stores, L.P. and Best Buy Co., Inc., removed this action to federal court. Notice of Removal, ECF No. 1. The Defendants filed their notice of removal with the intention of removing the case from the Supreme Court, County of New York to this Court, but due to an administrative clerical error, inadvertently filed the notice of removal in the Eastern District of New York. ECF No. 8 at 1. On November 12, 2019, Plaintiff moved to remand the action to state court, arguing that removal was untimely. *See* ECF No. 10; *see also* ECF No. 10-2 at 1. On December 11, 2019, the Honorable Dora Irizarry of the Eastern District of New York granted Defendants' motion to transfer the case to the Southern District of New York. On January 6, 2020, the case was assigned to the undersigned.

    "28 U.S.C. § 1446(a) requires that in removing a case to federal court, a defendant's notice of removal must set forth a short and plain statement of the grounds for removal." *Spring Mountain Partners QP I, LP v. Goldenson*, No. 14 Civ. 7747, 2014 WL 12772235, at *3 (S.D.N.Y. Dec. 15, 2014) (internal quotation marks and citation omitted). "The prerequisites to the exercise of jurisdiction . . . are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor." *Id.* (internal quotation marks and citation omitted).

    Here, Defendants removed this action based on "the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties." Notice of Removal ¶ 2. This Court "is required to [answer] the question whether diversity of citizenship is adequately pleaded . . . by the notice of removal." *Mackason v. Diamond Financial LLC*, 347 F. Supp. 2d 53, 54-55 (S.D.N.Y. 2004). To remove a case based on diversity jurisdiction, a defendant must demonstrate that all the requirements of diversity jurisdiction have been met. 28 U.S.C. § 1446; *Bounds v. Pine Belt Mental Health Care Resources*, 593 F.3d 209, 215 (2d Cir. 2010).

    For purposes of determining diversity jurisdiction, limited partnerships have the citizenship of each of their general and limited partners. *Monitronics Funding LP v. Pinnacle Sec., LLC*, No. 12 Civ. 1992, 2012 WL 967623, at *1 (S.D.N.Y. Mar. 21, 2012). Defendant Best Buy Stores, L.P. is a limited partnership. Notice of Removal ¶ 10. However, the Notice of Removal does not indicate the identity or citizenship of each of Best Buy Stores, L.P.'s general or limited partners. *See generally* Notice of Removal.

Accordingly, Plaintiff having filed a motion to remand the matter to state court, it is hereby ORDERED, pursuant to 28 U.S.C. § 1447, that:

1. By **January 21, 2020**, Defendants shall file their opposition; and
2. By **January 28, 2020**, Defendant shall file her reply, if any.

Because the "prerequisites to the exercise of jurisdiction . . . are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor," *Spring Mountain Partners*, 2014 WL 12772235, at *3, it is further ORDERED that by **January 21, 2020**, Defendants shall file a letter identifying each limited or general partner of Best Buy Stores, L.P., and their citizenship.

SO ORDERED.

Dated: January 7, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge