UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/24/2020_

PERLA BURSZTEIN,

            Plaintiff,

-against-

BEST BUY STORES, L.P. and BEST BUY CO., INC.,

            Defendants.

20 Civ. 76 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Perla Bursztein, brought suit in the Supreme Court of the State of New York, New York County, against Defendants, Best Buy Stores, L.P. and Best Buy Co., Inc., claiming that due to Defendants' negligence, she tripped and fell at one of Defendants' stores, and sustained serious injuries. Compl. ¶¶ 19–24, ECF No. 1-1. Defendants filed a notice of removal on October 14, 2019. Notice of Removal, ECF No. 1. Now before the Court is Plaintiff's motion to remand the case to state court, ECF No. 10, and request for an award of attorney's fees and costs for improper removal, Pl. Mem. at 5, ECF No. 10-2. For the reasons stated below, Plaintiff's requests to remand and for attorney's fees are DENIED.

**BACKGROUND**

    Plaintiff alleges that, on November 10, 2017, she fell as a result of a dangerous condition at the Best Buy store located at 1880 Broadway, New York, New York 10023, and was seriously injured. Compl. ¶ 19. On November 22, 2017, Plaintiff notified Defendants in writing of her claim. James Healy Decl. ¶ 3, ECF No. 10-1. On February 16, 2018, Sedgwick Claims Management Services, Inc. ("Sedgwick"), the third party administrator for Defendants, instructed Plaintiff that all correspondence be directed to it. *Id.* ¶ 4. On January 14, 2019,

Plaintiff sent a detailed demand letter to Sedgwick, which included a $450,000 demand to settle her claim. *Id.* ¶ 5.

Sedgwick made no settlement offer, and on May 14, 2019, Plaintiff filed a complaint in New York State Supreme Court, New York County. *Id.* ¶ 6; *see also* Compl. The complaint does not specify the amount of damages sought. *See* Compl. at 6. It states only that Plaintiff seeks "damages in an amount exceeding the monetary jurisdictional limits of all lower courts [below the New York Supreme Court] which would otherwise have jurisdiction." *Id.* at 6. This is consistent with New York law which provides that in a personal injury action, the complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017.

On June 12, 2019, Defendants filed an answer to the state court action. Healy Decl. ¶ 7. On August 26, 2019, Defendants' counsel confirmed that the January 14, 2019 demand letter was in their possession. *Id.* ¶ 8. On September 18, 2019, Plaintiff served a response to Defendants' "Combined Demands." *Id.* ¶ 9. In response to the demand for damages, Plaintiff stated that "[t]he damages sought in this action is the amount of $5,000,000 together with interest, costs and disbursements." *Id.*

On October 14, 2019, Defendants filed a notice of removal to federal court. Notice of Removal. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendants removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see* Notice of Removal ¶ 2. "The removing party bears the burden of establishing that removal is proper." *Wimbledon Fin.*

*Master Fund, Ltd. v. Sage Grp. Consulting Inc.*, No. 17 Civ. 6563, 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017).

On January 7, 2020, the Court ordered Defendants to file a letter identifying each limited or general partner of Best Buy Stores, L.P., and their citizenship, in order to ensure complete diversity between the parties. ECF No. 13. By letter dated January 16, 2020, Defendants identified each limited or general partner of Best Buy Stores, L.P., confirming that complete diversity of citizenship existed between Plaintiff, who is a citizen of Florida, and Defendants. ECF No. 14.

The parties further agree that the amount in controversy exceeds $75,000. *See* Pl. Mem. at 3–4; Notice of Removal ¶ 6. The parties disagree, however, whether Defendants' notice of removal was timely. *See* Pl. Mem. at 1; Def. Mem. at 1, ECF No. 16. In addition, Plaintiff moves for an award of attorney's fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c). Pl. Mem. at 5.

## DISCUSSION

### I. Legal Standard

Notice of removal of a civil action shall be filed within "30 days after the receipt by the defendant . . . of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered." *Cutrone*

*v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014). "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). The removal clock "commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Cutrone*, 749 F.3d at 143 (internal quotation marks and citation omitted); *see also Boeck v. Pac. Cycle, Inc.*, No. 10 Civ. 667A, 2011 WL 98493, at *2 (W.D.N.Y. Jan. 12, 2011) ("The second paragraph of Section 1446 has one important limitation, however: Any 'other papers' examined must post-date the initial pleading.").

II. Analysis

Defendants' notice of removal was timely. The 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) commenced on September 18, 2019 when Plaintiff served a response to Defendants' "Combined Demands." *Cutrone*, 749 F.3d at 143; *see also* Healy Decl. ¶ 9. Plaintiff's response to Defendants' "Combined Demands" was the first "post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Cutrone*, 749 F.3d at 143; *see also Boeck*, 2011 WL 98493, at *2 ("Any 'other papers' examined must post-date the initial pleading."). Applying a bright line rule is "preferable to the uncertainties faced by defendants in determining removability." *Cutrone*, 749 F.3d at 145. Such an approach "avoids courts expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading or other relevant filing." *Id.* (internal quotation marks, citation, and alteration omitted).

4

Plaintiff contends that the demand letter, sent to Sedgwick on January 14, 2019, indicates an amount in controversy exceeding $75,000. Pl. Mem. at 4. Plaintiff argues, therefore, that the case was removable no later than September 25, 2019, 30 days from August 26, 2019, the date Defendants' attorney acknowledged possession of the demand letter, making the October 14, 2019 notice of removal untimely. *Id.* at 5. Plaintiff's argument fails because the demand letter, sent before the initial complaint was filed, does not trigger the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3). *See Cutrone*, 749 F.3d at 143. The demand letter was sent to Defendants prior to Plaintiff filing this action and, therefore, is not a "post-complaint pleading" that starts the clock for Defendants to remove. *See Boeck*, 2011 WL 98493, at *2.

Plaintiff cites a number of cases for the proposition that the demand letter qualifies as an "other paper" that establishes the amount in controversy. *See* Pl. Mem. at 4. For example, Plaintiff cites to *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994), which holds that, "[w]here the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." Plaintiff's reliance on these cases is misplaced. Plaintiff conflates the question of what materials a court may consider in determining if a case is removable, with when the removal clock is triggered. As the Second Circuit has held, "[t]he moment a case becomes removable and the moment the 30–day removal clock begins to run are not two sides of the same coin." *Cutrone*, 749 F.3d at 146 (internal quotation marks and citation omitted). "Thus, even if a defendant *could* remove immediately upon the filing of a complaint because the case satisfies the requirements of federal subject matter jurisdiction, a complaint or other document from the plaintiff that does not explicitly convey the removability of a case does not trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1)

and (b)(3)." *Id.* Although this case may have been immediately removable upon the filing of the complaint, due to the demand letter seeking payment exceeding $75,000, neither the complaint nor any other post-complaint pleading or paper explicitly conveyed the removability of the case. The removal clock not triggered until September 18, 2019, the date Plaintiff responded to Defendants' demand for damages. The Notice of Removal, filed on October 14, 2019 was filed within 30 days of September 18, 2019 and was, therefore, timely.

**Conclusion**

Accordingly, Plaintiff's motion to remand is DENIED. Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. §1447(c) is also DENIED, because Defendants' removal was proper. The Court will issue a separate order scheduling an initial pretrial conference.

SO ORDERED.

Dated: February 24, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge