```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PERLA BURSZTEIN,

                        Plaintiff,

        -against-                                    20 Civ. 76 (AT)

BEST BUY STORES, L.P. and BEST BUY                   ORDER
CO., INC.,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/3/2021_

ANALISA TORRES, United States District Judge:

Plaintiff, Perla Bursztein, commenced this action for damages in Supreme Court, New York County, against Defendants, Best Buy Stores, L.P. and Best Buy Co., Inc., alleging that she sustained serious injuries due to Defendants' negligence. Compl. ¶¶ 19–24, ECF No. 1-1. Defendants removed the action to the district court based on diversity of citizenship. ECF No. 1 ¶¶ 5–10. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 51. For the reasons stated below, Defendants' motion is GRANTED.

## BACKGROUND[1]

This case arises out of a slip-and-fall accident at a retail store. Plaintiff alleges that, on November 10, 2017, she fell as a result of a raised piece of metal at the top of an escalator at the Best Buy store located at 1880 Broadway in Manhattan, and was seriously injured. Compl. ¶ 19; 56.1 ¶ 1, ECF No. 53-1.

The parties agree that the area of her fall was dry, 56.1 ¶ 4, unobstructed, *id.* ¶¶ 15–17, and had "normal" lighting, *id.* ¶ 3. Plaintiff and her husband were alone in the area. *Id.* ¶ 27.

---

[1] Citations to a paragraph in the Rule 56.1 statement also includes Plaintiff's reply.

Plaintiff believes that, after her fall, the piece of metal was elevated above the floor by one inch, *id.* ¶¶ 19–20, though she is not sure how elevated the piece of metal was before her fall, *id.* ¶¶ 7–9. The parties dispute how visible the metal strip was relative to its surroundings. Defendants contend that the tile surrounding the metal strip was beige. *Id.* ¶ 18. Plaintiff notes that this statement is misleading, as the metal strip on both sides of the defect was the same silver gray color, and that this color was similar to the color of the platform the metal strips bordered. *Id*. Plaintiff submits a video and a photograph of the scene, ECF Nos. 53-2–53-3, that shows the degree of contrast between the metal strip and the surrounding flooring—the strip is surrounded by differently-colored tile on one side, and a black and silver striped platform on the other.

**ANALYSIS**

I. Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party initially bears the burden of informing the Court of the absence of a genuine dispute of material fact by citing particular evidence in the record. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co*., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the

moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healy v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted). In deciding the motion, the Court views the record in the light most favorable to the nonmoving party. *Koch*, 287 F.3d at 165.

II. Trivial Defect

"Under New York law, owners of premises open to the general public 'are charged with a nondelegable duty to provide members of the general public with . . . reasonably safe premises, including a safe means of ingress and egress.'" *Hammond v. Toy Indus. Ass'n, Inc.*, 8 F. Supp. 3d 484, 493–94 (S.D.N.Y. 2014) (quoting *Backiel v. Citibank, N.A.*, 751 N.Y.S.2d 492, 495 (N.Y. App. Div. 2002)) (alteration in original). Although questions of negligence are usually left to the jury, *see Hutchinson v. Sheridan Hill House Corp.*, 41 N.E.3d 766, 773 (N.Y. 2015), New York law maintains an exception in slip-and-fall cases for "trivial defect[s]." *Id.* A property owner may not be held liable for "trivial defects on a walkway . . . as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection." *Guerrieri v. Summa*, 598 N.Y.S.2d 4, 5 (N.Y. App. Div. 1993) (quotation marks omitted); *see also Hutchinson*, 41 N.E.3d at 773 (quoting same). There is no "per se rule that a defect must be of a certain minimum height or depth in order to be actionable[,]" and courts are to consider "the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury." *Trincere v. Cty. of Suffolk*, 688 N.E.2d 489, 490 (1997) (citation

3

and quotation marks omitted). "[T]he court, rather than a jury, . . . determines whether an alleged condition meets this triviality standard[.]" *Coyle v. United States*, 954 F.3d 146, 149 (2d Cir. 2020).

Plaintiff and Defendants agree that the lighting where Plaintiff fell was "normal," 56.1 ¶ 3, that the area was clean and dry, *id.* ¶ 4, that she does not know how high the piece of metal stood above the floor, if at all, before she tripped, *id.* ¶¶ 7–9, that nothing obstructed her view as she approached the escalator, *id.* ¶¶ 15–17, and that, aside from her husband, no other people were in the area, *id.* ¶ 27.[2] After her fall, Plaintiff perceived the metal edge to be lifted an inch above the floor, but was not sure if her tripping raised the edge. *Id.* ¶¶ 19–20. Even accepting Plaintiff's assertion that the defect blended into its surroundings, *id.* ¶ 18, and assuming that the defect was an inch above the ground prior to her slip, the Court finds that Plaintiff has not raised a material question of fact sufficient to defeat Defendants' motion for summary judgment. *Coyle*, 954 F.3d at 149–50 (concluding that a one-inch thick black mat on a black floor was a trivial defect, where the plaintiff "made no claim that the [area of her fall] was dimly lit, or crowded, or even that she was in a rush"); *Hutchinson*, 41 N.E.3d at 774 ("[T]he lower courts, appropriately, find physically small defects to be actionable when their surrounding circumstances or intrinsic characteristics make them difficult for a pedestrian to see or to identify as hazards or difficult to traverse safely on foot.").[3]

---

[2] On May 17, 2021, the Honorable Katharine H. Parker sanctioned Defendants for "failing to produce surveillance footage, facilities records, and training materials" regarding the escalator because Plaintiff could have used the withheld information "to show that [Defendants] had actual or constructive notice of the alleged dangerous condition near the escalator and that [Defendants were] negligent in failing to address the alleged hazard." ECF No. 59 at 19–20. The withheld information does not affect this analysis because the existence of a trivial defect absolves a defendant of liability, even when the defendant was negligent. *See Coyle*, 954 F.3d at 149 ("[A] defendant may not be cast in damages for negligent maintenance by reason of trivial defects[.]" (quotation marks omitted)).
[3] Defendants also improperly withheld information about the height of the defect prior to the accident. ECF No. 59 at 16. However, Plaintiff does not assert that her tripping lowered the raised edge. 56.1 ¶¶ 19–22. Because the parties do not dispute that the defect was raised an inch above the ground, at most, at the time of her accident, Defendants' sanctioned conduct does not impact this ruling. *Coyle*, 954 F.3d at 149–50.

Plaintiff's attempt to analogize this case to *D'Nelson v. Costco Wholesale Corp.*, No. 03 Civ. 219, 2006 WL 767866 (E.D.N.Y. Mar. 24, 2006), is unpersuasive. Pl. Opp'n at 13–14, ECF No. 54. Although *D'Nelson* also involved a slip-and-fall near an escalator due to a defective piece of metal, the parties disputed the distance between the metal plate and the floor, whether the defect was obscured, and whether the defect was unavoidable. *D'Nelson*, 2006 WL 767866 at *1, 6. Here, the parties only dispute whether the defective metal blended into the surrounding floor. 56.1 ¶ 18. The photograph submitted by Plaintiff shows that the defective metal strip contrasts with the tile and striped flooring surrounding it. ECF No. 53-3; *Coyle*, 954 F.3d at 149 ("[T]here are cases in which a fact-finding court could examine photographs and justifiably infer from them as a matter of law that an elevation or depression or other defect is so slight as to be trivial as a matter of law." (quotation marks and citation omitted)).

Accordingly, Defendants' motion for summary judgment is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 51 and to close the case.

SO ORDERED.

Dated: August 3, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge